KLINGBEIL et, Appellants, v. BOARD OF LIQUOR CONTROL, Appellee.

Common Pleas Court, Franklin County.

No. 193925. Decided February 18, 1957.

John T. Feighan, Cincinnati, for appellants.
William Saxbe, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., for appellee.

## OPINION

By LEACH, J.

HEARD ON APPEAL FROM ORDER OF BOARD OF LIQUOR CONTROL—AFFIRMED.

This is an appeal from an order of the Board of Liquor Control, suspending the appellants' Class C-2, D-1, D-2, and D-3 Permits for a period of seven days. The charge against appellants was that they did sell and permit to be consumed in and upon the permit premises intoxicating liquor on a Sunday. The evidence before the Board consisted solely of the testimony of an inspector of the Department of Liquor Control, a stipulation that if two other inspectors were called, their testimony would be the same, and the admission into evidence by agreement of certain exhibits including chemical report showing an analysis of a liquid confiscated by the inspectors on the day in question. No testimony was introduced on behalf of the appellant.

It appears from the evidence that three inspectors went to the appellants' permit premises on Sunday, June 12, 1955, about 12:50 in the afternoon. The front door was locked. After knocking on the back door which had a screen door which was hooked, Mrs. Klingbeil came to the door. The inspectors asked if they could be admitted and purchase a drink and were refused admission. They immediately identified themselves and grabbed hold of the screen door to pull it open. Mrs. Klingbeil left the door, went into the premises and was heard to make a statement about drinking up. The inspectors forced their way into the permit premises where they found five persons. They confiscated the glass containing a liquid from one person who was attempting to consume the remaining portion of the liquid. This glass contained ice as well as the liquid. The chemical analysis of this liquid, admitted by

agreement, showed that it contained 3.20% alcohol by volume and 2.53% alcohol by weight. The report also states:

"Presence of ethyl alcohol was established by positive Iodoform Test. Contents of this bottle have the organoleptic properties of ethyl alcohol mix."

The chief contention made in the brief on behalf of the appellants is that intoxicating liquor is defined by §4301.01 (a) R. C., as containing more than 3.2% of alcohol by weight, whereas the chemical analysis herein showed a 2.53% alcohol by weight; that the appellants had a D-1 permit which would authorize them to sell 3.2% beer on Sunday.

Weighing the evidence as we are required to do, under the case of **Andrews v. Board of Liquor Control, 164 Oh St 275,** we conclude that the liquid in question containing properties of ethyl alcohol mix, was not 3.2 beer. We believe it to be common knowledge that when whiskey is diluted by water or other mixes, the volume and proportionate weight of the alcohol will be diluted by the amount of mix used. It will be further diluted, of course, by melting ice. We agree with the contention of counsel for the appellee, that a permit holder is not allowed to serve intoxicating liquor on Sunday even if it is diluted to a point where it tests under 3.2% alcohol by weight.

Appellants also contend that there is no evidence in the Record that they did sell or permit intoxicating liquors to be consumed as forbidden by the provisions of §4301.22 R. C., and Regulation 49 of the Board of Liquor Control. Insofar as that claim is concerned, we adopt the conclusion which we reached in the case of B. P. O. of Elks, Cincinnati Lodge No. 5 v. Board of Liquor Control, No. 194,568, issued this day.

We find, therefore, that the order of the Board of Liquor Control is supported by reliable, probative and substantial evidence and the same is affirmed. Entry may be prepared accordingly.